IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EMMA CYNTHIA CROWNOVER,

    Plaintiff,

v.                                  CASE NO. 1:08-CV-00244-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner to deny Plaintiff Emma Cynthia Crownover's ("Plaintiff") application for Social Security benefits be affirmed. The Magistrate Judge filed the Report and Recommendation on June 11, 2009. The parties received a copy of the Report and Recommendation and were afforded an opportunity to file objections. Plaintiff did not file any objections, and the time to do so has now passed. For the reasons stated below, the Court has determined that the Report and Recommendation should be adopted.

The Magistrate Judge correctly determined that the Administrative Law Judge's (ALJ) findings were based upon substantial evidence in the record and correct principles of law. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Specifically, the record contains

substantial evidence to support the ALJ's determination that Plaintiff retained the residual functional capacity to engage in "simple, routine tasks and simple, work-related decisions." (R. 21). A vocational expert testified that a person with limitations similar to the Plaintiff could work as a hand packer or agricultural packer. (R. 317-20).

Plaintiff was able to engage in various activities, such as maintaining a vegetable garden, crocheting, playing computer games, and doing housework. (R. 22). The ALJ did not fully credit Plaintiff's own descriptions of her alleged impairments, explaining "there is no objective evidence which documents [Plaintiff's claims of] having no balance, less than full use of her hand, or a dragging right leg." (R. 21-22). Further, the ALJ noted Plaintiff's lacking compliance with treatment for her seizure disorder, such as by failing to maintain a seizure diary and self-discontinuing some medications. (R. 22). Although Dr. Eisenschenk's letter constitutes new evidence regarding Plaintiff's seizure disorder, the letter was not in the administrative record and cannot be considered by the Court now regarding this application for benefits. (Doc. 12-1).

Therefore, the Court agrees with the Magistrate Judge's reasoning that the ALJ's findings were supported by substantial evidence.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision to deny Plaintiff's application for Social Security benefits is AFFIRMED.

**DONE AND ORDERED** this  19th  day of March, 2010.

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge